**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JULIE KANOU,

      Plaintiff,

Case No. 12-12921

Honorable Denise Page Hood

v.

JP MORGAN CHASE BANK NA,

      Defendant.
_____/

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
**and**
**ORDER DISMISSING ACTION**

**I.    BACKGROUND**

This matter was removed from the Macomb County Circuit Court, State of Michigan on July 23, 2012.  Plaintiff Julie Kanou filed a Complaint against Defendant JP Morgan Chase Bank NA alleging:  Quiet Title (Count 1); Unjust Enrichment (Count II); Breach of Implied Agreement/ Specific Performance (Count III);  and, Breach of M.C.L. § 600.3205(c).

The real property at issue is commonly known as 24901 Panama Avenue, Warren, Michigan 48091.  (Comp., ¶ 2)  Plaintiff purchased the property and is currently residing in the subject property.  (Comp., ¶ 5)  Plaintiff attempted to obtain a loan modification and/or negotiate in good faith a settlement for the subject property.  (Comp., ¶ 6)  A Sheriff's Sale was held in 2012.  (Comp., ¶ 7)  Plaintiff attempted in good faith to continue with the settlement process, but to no avail.  (Comp., ¶ 8) The redemption period after the Sheriff Sale has expired.  (Comp., ¶ 9) Plaintiff asserts that Defendant must be ordered to continue processing the Loan Modification and/or negotiate in good faith a settlement on the subject property.  (Comp., ¶ 10)

In lieu of an Answer, Defendant filed a Motion to Dismiss. A response and reply to the response have been filed.

## II.  ANALYSIS

### A.  Standard of Review

Rule 12(b)(1) of the Rules of Civil Procedure provides for dismissal for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Motions under Rule 12(b)(1) fall into two general categories: facial attacks and factual attacks. S*ee, RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996). A facial attack challenges the pleading itself. In considering this type of attack, the court must take all material allegations in the complaint as true, and construe them in light most favorable to the non-moving party. *Id.* Where subject matter jurisdiction is factually attacked, the plaintiff bears the burden of proving jurisdiction to survive the motion, and "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* In a factual attack of subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2)

entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

    **B.**    **Standing**

Defendant argues that Plaintiff does not have standing to challenge the foreclosure sale because she no longer has a legal interest in the property after the expiration of the redemption

period on July 19, 2012. Plaintiff responds that because she has established fraud on Defendant's part, she has standing to pursue the lawsuit. Plaintiff asserts that because of Defendant's misleading actions, Defendant is estopped from enforcing the Sheriff's Sale. Defendant replies that Plaintiff has not asserted fraud sufficiently in her Complaint and did not specify any acts of fraud by Defendant in her response to the motion.

Standing is a jurisdictional matter and is a threshold question to be resolved by the court before the court may address any substantive issues. *Planned Parenthood Ass'n v. City of Cincinnati,* 822 F.2d 1390, 1394 (6th Cir. 1987). Article III of the United States Constitution limits the federal courts' jurisdiction to "cases and controversies." In *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992), the United States Supreme Court set forth three elements to establish standing: 1) that he or she suffered an injury in fact, which is both concrete and actual or imminent; 2) that the injury is caused by defendants' conduct; and 3) that it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61. "A plaintiff bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. American Tobacco Co.,* 183 F.3d 488, 494 (6th Cir. 1999)(citing *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982)).

In Michigan, once the redemption period following foreclosure of a parcel real property has expired, the former owners' rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Smith v. Wells Fargo Home Mortgage, Inc.,* Case No. 09-13988 (E.D. Mich. 2010)(unpublished); *Awad v. GMAC,* 2012 WL 1415166 (Mich. App. 2012)(unpublished). Filing of a lawsuit does not toll the redemption period and once

that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1.

A review of Plaintiff's Complaint fails to show that she has sufficiently alleged any fraud committed by Defendant. The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). Plaintiff's response also fails to specify any fraud committed by Defendant. Because the redemption period has expired, as noted by Plaintiff in her Complaint, any right Plaintiff may have on the property at issue has been extinguished.

      **C.**      **Laches and Unclean Hands**

Defendant moves to dismiss the Complaint claiming that the doctrines of laches and unclean hands bar Plaintiff's claims. Plaintiff does not respond to this argument.

The doctrine of laches is an equitable principle that bars recovery in circumstances in which a plaintiff's delay in seeking a judicial remedy prejudices a defendant. *Bylinski v. City of Allen Park,* 169 F.3d 1001, 1003 (6th Cir. 1999). A party invoking this equitable principle must show that the plaintiff unreasonably delayed in bringing suit and that the defendant was prejudiced by the delay. *Id.* The doctrine of unclean hands has been applied to quiet title actions. *McFerren v. B&B Inv. Grp.,* 253 Mich. App. 517 (2002). A mortgagor who receives the proceeds of a loan and fails to pay it back cannot seek "judicial assistance in avoiding his contractual obligations." *Yuille v. American Home Mort. Serv., Inc.,* 2012 WL 1914056 at *2 (6th Cir. May 29, 2012)(unpublished).

As acknowledged by Defendant, the redemption expired in this case on July 19, 2012.

Plaintiff filed the instant lawsuit on June 13, 2012, prior to the expiration of the redemption period. Because Plaintiff filed the instant lawsuit prior to the expiration of the redemption period, the doctrine of laches is not applicable to this case. Defendant has not shown how it was prejudiced by the filing of the lawsuit prior to the expiration of the redemption period.

There is no dispute that Plaintiff did not pay the loan at issue. As noted by the Sixth Circuit above, the unclean hands doctrine applies in this case and bars the quiet title proceeding.

### D. Statute of Frauds

Defendant moves to dismiss asserting that the statute of frauds bars Plaintiff's claims. Plaintiff responds that the statute of frauds does not prevent courts acting prudently in equity from setting aside deeds.

The Michigan statute of frauds, M.C.L. § 566.132, precludes a party from bringing any claim against a financial institution to enforce the terms of an oral promise, including alleged promises by the lender to enter into a loan modification agreement or to forbear from foreclosure. *Snell v. Wells Fargo Bank,* 2012 WL 1048576, at *6 (E.D. Mich. Mar. 28, 2012)(unpublished); *Meyer v. Citimortgage, Inc.,* 2012 WL 511995, at *9 (E.D. Mich. Feb. 16, 2012)(unpublished). Plaintiff failed to submit any documents to support her assertions that Defendant promised to enter into a loan modification agreement with Plaintiff. As noted above, Plaintiff also failed to allege any specific fraudulent acts by Defendant in her Complaint.

### E. Quiet Title (Count I)

In addition to the reasons set forth above, Defendant specifically addressed each count. Defendant argues that the Quiet Title claim in Count I must be dismissed because Plaintiff no longer has an interest in the property. Plaintiff responds that she was misled into believing that the

Sheriff's Sale would not occur pending the outcome of the loan modification process.

In Michigan, a party seeking to quiet title must allege: a) the interest the plaintiff claims in the premises; 2) the interest the defendant claims in the premises; and c) the facts establishing the superiority of the plaintiff's claim. M.C.R. § 3.411(B). The plaintiff has the burden of proof and must make out a prima facie case of title. *Beulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n,* 236 Mich. App. 546, 550 (1999).

As noted above, courts have applied the statute of frauds to quiet title actions. Plaintiff has not shown in her Complaint that her claim is superior to that of the Defendant's interest in the property, given that the redemption period has expired and Plaintiff's interest in the property has been extinguished. Count I, the Quiet Title claim, must be dismissed.

### F. Unjust Enrichment (Count II)

Defendant argues that the unjust enrichment claim must be dismissed because there exists a written agreement between the parties. Plaintiff responds that Defendant now has legal title to the property, free and clear of Plaintiff's ownership rights. Plaintiff asserts the inequity is obvious because she no longer has title to the property and must be forced to move from the property.

The elements of a claim for unjust enrichment are: 1) receipt of a benefit by the defendant from the plaintiff and 2) an inequity resulting to plaintiff because of the retention fo the benefit by defendant. *Dumas v. Auto Club Ins. Ass'n,* 437 Mich. 521, 546 (1991). In such instances, the law operates to imply a contract in order to prevent unjust enrichment. *Barber v. SMH (US), Inc.,* 202 Mich. App. 366, 375 (1993). However, a contract will be implied only if there is no express contract covering the same subject matter. *Id.*

In this case, there was an express written agreement between the parties regarding the

7

mortgage of the property at issue. Plaintiff attached the documents to her Complaint. (Doc. No. 1) The Court cannot imply an agreement wherein Plaintiff may assert an unjust enrichment claim because an express written agreement between the parties govern the terms of the mortgage of the property at issue. Count II, the unjust enrichment claim, must be dismissed.

### G. Breach of Implied Agreement/Specific Performance Claim (Count III)

Defendant moves to dismiss Count III because there can be no implied agreement regarding the loan modification under the statute of frauds. In response, Plaintiff asserts Defendant made misrepresentations and committed fraud when Plaintiff was told the Sheriff's Sale would not go forward pending loan modification negotiations.

Based on the statute of fraud analysis above, Plaintiff's implied agreement/specific performance claim is barred. Plaintiff's allegation of misrepresentations and fraud must be dismissed for the same reasons set forth above for failure to specifically allege fraudulent acts by Defendant. As noted above, the Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *Yuhasz,* 341 F.3d at 563. Plaintiff has not alleged any sufficiently alleged any misrepresentation or fraud claims against Defendant. Count III, the implied contract claim, must be dismissed.

### H. M.C.L. § 600.3205(c) (Count IV)

Defendant asserts that Plaintiff's claims under Count IV must be dismissed since M.C.L. § 600.3205(c) does not obligate a lender to modify a loan, nor does it give a plaintiff a cause of action to set aside a sheriff's sale or for damages. Plaintiff responds that Defendant must provide loan modification under the statute because she requested the loan modification prior to the foreclosure

sale.

In this case, as alleged by Plaintiff in her response, a foreclosure by advertisement was instituted on the property at issue pursuant to M.C.L. § 3204. M.C.L. § 600.3205c provides the procedure for requesting a loan modification. Subsection (1) provides that a "[i]f a borrower….contact[s] a person designated under section 3205a(1)(c) …, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." M.C.L. § 600.3205c(1). If the borrower is eligible for loan modification, the lender may not initiate foreclosure proceedings unless the lender has offered the loan modification program and the borrower failed to accept the agreement within in 14 days. *Id.* at 600.3205c(7). If foreclosure proceedings are initiated in violation of this statute, the borrower may ask the circuit court to convert the foreclosure proceeding into a judicial foreclosure. *Id.* at 600.3205c(8). However, section 600.3205c does not authorize a court to set aside the foreclosure. *See, Adams v. Wells Fargo Bank*, 2011 U.S. Dist. WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (unpublished)(Section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure."), *see also, Awad v. General Motors Acceptance Corp.,* 2012 WL 1415166, at *2 (Mich. App. Apr. 24, 2012)(unpublished)(A plaintiff's suit does not toll the redemption period.).

Although the redemption period had not expired when Plaintiff filed the instant suit, the Sheriff's Sale had occurred. The redemption period cannot be tolled. The statute only provides that the lender negotiate with a borrower; it does not mandate the lender to provide a loan modification. Count IV, the loan modification claim, must be dismissed.

9

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss **(No. 2, 7/10/2012)** is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED with prejudice.


S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: October 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager